MAYES et ux. v. CRAIN et ux.—
236 S. W. (2d) 987.

Middle Section.   November 3, 1950.

Petition for Certiorari denied by Supreme Court, March 9, 1951.

Morford W. Locke, of McMinnville, for complainants.

Hoyt Bryson, of Woodbury, for defendants.

HOWELL, J., The bill in this case was filed by the complainants Oscar Mayes and his wife Mary Mayes, against J. S. Crain, Jr. and his wife Martha Crain and alleges that the parties are owners of adjoining tracts of land in Warren County and that a dispute has arisen between them as to whether or not there is a lane or public road between the two tracts of land and also as to the exact location of the dividing line. The bill prays for an injunction against the defendants from interfering with the fence between them and that at the hearing this fence be located on the line as contended for by the complainants and that the Court decree that a public road or lane does not exist between the two tracts of land.

The defendants filed an answer which they prayed be treated as a cross-bill if necessary and that the Court established the dividing line and the location of the road or passway as insisted upon by them.

The cause was heard by the Chancellor upon the entire record including a number of deeds and maps as exhibits and upon the testimony of witnesses in open Court. The evidence appears in the record in narrative form.

Upon the hearing the Chancellor found the facts and decreed in part as follows:

"The boundary line between the lands of the parties is along a fence running in an easterly direction from the Shellsford public road to the extremity of same at a fence post, same having agreed to be such by Complainant, Oscar Mayes, and J. S. Crain, Sr. husband of

Goldie Bonner Crain, the then owner of the lands, same having been agreed to be such by J. S. Crain, Sr., with the implied consent of the said Goldie Bonner Crain.

"There now exists a public road along the south side of said fence, of a width of 12 feet, from said Shellsford road to its eastern extremity and beyond to the mountain.

"It is, therefore, ordered, adjudged and decreed by the Court that said boundary line runs along said fence which runs in an easterly direction from the Shellsford public road to its eastern extremity at a fence post, and it is also ordered, adjudged and decreed by the Court that there now exists a public road of a width of 12 feet along the south side parallel and adjoining said fence from said Shellsford road to the eastern extremity of said fence and beyond to the mountain. Complainants will be permitted to erect and maintain gates across said road at the points where Complainants' fences now cross said road.

"Complainants will be perpetually enjoined from interfering with Defendant's free use of all of said Public road, and Defendants will be perpetually enjoined from interfering with Complainants' erection and maintenance and use of said gates and the costs are adjudged one-half against Complainants and one-half against Defendants."

Both the complainants and the defendants excepted to certain parts of the decree and have perfected appeals to this Court and assigned errors.

Complainants' assignments of error insist that the Chancellor erred in holding that the road in question between the lands of the parties was dedicated and was accepted and used by the public for more than twenty years and is now a public road.

Defendants' assignments of error insist that the Chancellor erred in holding that the boundary line between the lands of the parties was the fence involved which had been agreed upon as the boundary line and in permitting complainants to erect gates across the road and enjoining defendants from interfering with such gates and not holding that complainants were estopped to deny that the line was as contended by defendants and in not establishing this line as the true line.

In this cause the Chancellor had the parties and the witnesses before him in open Court and heard them testify and explain the descriptions in the deeds and heard their explanation of the surveyors plats exhibited. This testimony is before this Court in narrative form. The cause must be determined principally upon the facts as found from the testimony and exhibits. Under Sec. 10622 of the Code there is a presumption that the facts were correctly found by the Chancellor unless the evidence preponderates against such findings. We cannot say that in this case the evidence does preponderate against the finding of facts and decree of the Chancellor.

The record discloses that the parties had a full and fair hearing of their contentions before the Chancellor and that the decree reaches the merits of the controversy.

We fully concur with facts as found by the Chancellor.

The assignments of error filed by both complainants and defendants are overruled and the decree of the Chancery Court in all respects affirmed.

The costs will be paid one-half by the complainants and one-half by the defendants.

Hickerson, J., and Kizer, Special Judge, concur.